The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District, East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
This is in response to your request for an opinion regarding the so-called "open meetings" requirement of the Freedom of Information Act ("FOIA"), which is found at A.C.A. § 25-19-106 wherein it states that except as otherwise specifically provided "all meetings, formal or informal, special or regular, of the governing bodies . . . shall be public meetings." A.C.A. § 25-19-106(a) (Repl. 1992). Your question pertains to the meetings of a particular group, described in your correspondence as follows:
 For a number of years a group of men have met on a fairly regular basis in the mornings at a local restaurant to have coffee and generally discuss the affairs of the world prior to going to their various work places. This group is not organized and acquaintances tend to float in and out over a period of time. Although some members are fairly consistent others might only attend once a month. . . . Recently three (3) members of this group were elected to the city board. They have continued to meet for coffee in the morning and the discussion continues to include hunting, fishing, general gossip and the affairs of state, local and federal government.
You state further that the three directors do not constitute a majority of the city board, and that the meeting is not called to discuss city affairs, although city affairs may be brought up from time to time. Your specific question is whether under these facts a breakfast or coffee gathering in the morning would constitute a public meeting under the FOIA.
Your question ultimately requires a factual determination that is not within the scope of an Attorney General opinion. The question of whether a "meeting" is being held, for purposes of the FOIA, under these or similar circumstances demands a review of all surrounding facts, and thus is not susceptible to any conclusive resolution in an opinion from this office. The question can only be finally decided by a trier of fact.
It should perhaps be noted, in addressing the general legal analysis, that the applicability of the FOIA in the context of social gatherings has not been decided by the Arkansas Supreme Court. It is clear that the absence of a quorum will not prevent the act from applying. See Mayor ofEl Dorado v. El Dorado Broadcasting Co., 260 Ark. 821, 544 S.W.2d 206
(1976). Nor will the fact that the meeting is held in a public place or the fact that many of those attending are not involved in government be determinative. It has been stated, however, by a recognized commentator on the FOIA, that "an open meetings law construed to cover discussion of public policy incidental to social encounters is probably too restrictive." J. Watkins The Arkansas Freedom of Information Act 235-236 (2nd ed. 1994). Professor Watkins states:
 [T]he Arkansas FOIA covers `all meetings, formal or informal' and arguably reaches any social function at which members of the governing body discuss public matters.[1] As one commentator has noted, however, `open meetings legislation should not interfere with the social lives of the members of public bodies.' [Citation omitted.] Because it is quite natural that members of such entities establish social relationships that lead to contact outside working hours, an open meetings law construed to cover discussion of public policy incidental to social encounters is probably too restrictive. On the other hand, the Arkansas FOIA expressly provides that closed sessions must not be held to defeat the spirit of the open meetings requirement. Accordingly, a social function that is used as a device to circumvent the FOIA should be treated as a violation of the act. . . . Of course, whether a social event was such a subterfuge is a factual question, and an FOIA plaintiff may have a difficult time establishing that the social gathering . . . was meant to circumvent the act. However, circumstances may suggest that evasion was intended[.]
Id.
I believe the above discussion offers an approach that would likely be adopted by a court faced with the issue. Following that analysis, it may be concluded that under the facts presented in your correspondence, where the discussion of governmental business is intermittent and incidental to a social function, that the meeting is not a "public meeting" under the FOIA. Of course, it must be recognized that any regular gathering of members of a governing body demands close scrutiny with an eye toward potential evasion of the act. And as indicated above, the question requires resolution on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It is noted at this point in the discussion that a dispute of this type arose in connection with quorum court members regularly gathering at a local restaurant after each meeting. Freedom of Information Act, 235 n. 16. The listing of a "social hour" on the quorum court's agenda was planned in an effort to avoid any conflict with the FOIA. Id.